UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MARIE SHEPHERD; LARRY SHEPHERD; and MARIE'S CARRIAGE HOUSE, LLC, *a domestic limited liability company*,<br><br>            Plaintiffs,<br><br>    v.<br><br>STATE OF OREGON, *by and through the Office of the Attorney General*; STATE OF OREGON, *by and through the Oregon Department of Human Services*; LAUREN GARMENDIA, *individually*; and ALLISON WOITALLA, *individually*,<br><br>            Defendants. | Case No. 6:24-cv-01759-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

Plaintiffs Marie Shepherd, Larry Shepherd, and Marie's Carriage House, LLC ("Plaintiffs") bring this action against Oregon Department of Human Services ("ODHS") Adult Protective Services caseworker Lauren Garmendia, Oregon Department of Justice ("DOJ") assistant attorney general Allison Woitalla, and each of their respective agencies ("Defendants"). Plaintiffs allege violations of 42 U.S.C. § 1983 and state law arising out of ODHS' imposition of a civil penalty that Plaintiffs later contested at an administrative hearing. Defendants move to dismiss with prejudice the claims against Defendant Woitalla and Defendant DOJ based on prosecutorial immunity. Mot. to Dismiss, ECF No. 8. For the reasons explained below, the

claims against Defendants Woitalla and DOJ are dismissed without prejudice. Defendants' Motion is GRANTED in part and DENIED in part.

## BACKGROUND

The following allegations are assumed to be true for the purposes of addressing Defendants' partial motion to dismiss the First Amended Complaint ("FAC"), ECF No. 1-1.

Plaintiffs Marie and Larry Shepherd are a married couple who own and operate Marie's Carriage House, LLC, a licensed adult care facility for disabled or elderly adults. In late 2020, Plaintiffs employed four individuals, Eller, Balentine, Merrill, and Lopez. Plaintiffs terminated Eller and Balentine for cause related to dishonest and fraudulent conduct. Merrill and Lopez were "angered by the termination of their coworkers and friends Eller and Balentine." FAC ¶ 13. In retaliation, the employees called ODHS' abuse reporting hotline and made knowingly false allegations of abuse. ODHS assigned an Adult Protective Services caseworker, Defendant Garmendia, to investigate the abuse reports. Defendant Garmendia allegedly mishandled the investigation in numerous ways including failing to identify the employees' retaliatory motives and failing to obtain relevant and exculpatory evidence. Following Defendant Garmendia's allegedly faulty investigation, ODHS issued and served notices of a civil penalty against Plaintiffs.

Plaintiffs requested a hearing to contest the penalties, and ODHS referred the matter to the Office of Administrative Hearings for a contested case hearing. Plaintiffs retained attorney Mary Johnson to represent them at the hearing, and DOJ assigned Defendant Woitalla to represent ODHS at the hearing. The hearing was held before an Administrative Law Judge ("ALJ") over eight days in July and August 2021.

During the pre-hearing phase of the proceedings, Defendant Woitalla produced to Ms. Johnson competing versions of the same photographic evidence, some of which appeared to have

been tampered with. Defendant Woitalla also allegedly produced inconsistent and seemingly tampered documentary evidence of purportedly incriminating text messages. Plaintiffs filed a motion to compel production of the metadata from a photograph sent to Defendant Garmendia from a former employee's cell phone. Defendant Garmendia had relied on the photograph during her investigation and Plaintiffs wanted to use the metadata to challenge the authenticity of the evidence. In response to Plaintiffs' motion to compel, Defendant Woitalla argued on behalf of ODHS:

> With respect to the cell phones or other technological information associated with records contained on those cells phone, ODHS has produced the copies it currently has and otherwise lacks immediate access to the devices or records. The records in question are photographs and text messages on the phones of witnesses in this case. Those witnesses are members of the public and former employees of Respondents' adult foster home. ODHS has not viewed the phones directly, has not otherwise seen any technological details that may or may not even exist on those phones, and did not rely in any way on such technological details in conducting its investigation because the versions in the agency record lack those details. Instead, ODHS relied on what the images depicted and the statements of witnesses.

Woitalla Decl. Ex. 2 (ODHS' Resp. to Mot. to Compel) at 4, ECF No. 13.[1] In support of the response briefing, Defendant Woitalla filed an affidavit explaining that she did not have the

---

[1] The incorporation by reference "doctrine permits a court to consider a document if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1162–63 (9th Cir. 2019) (citation and quotation marks omitted). Defendants attached the exhibits referenced in this Opinion to their Reply briefing. Ordinarily, documents sought to be incorporated by reference in support of a motion to dismiss should be filed concurrently with the motion, rather than in a subsequently filed reply brief. However, Plaintiffs' Response in Opposition to the Motion to Dismiss explains the incorporation by reference doctrine, Resp. Mot. at 5, ECF No. 11, and Plaintiffs did not move to file a surreply despite Defendants' affirmative non-objection, Defs.' Reply at 9 n.2, ECF No. 12. Plaintiffs explicitly refer to these documents in the Complaint and their claims depend on them. *See* FAC ¶ 36 (referring to the motion for discovery, Defendant Woitalla's responsive "affidavit," and the ALJ's ruling). The Court considers the documents not for the truth of the matter asserted but for additional contextualization of Plaintiffs' allegations.

Page 3 — OPINION AND ORDER

metadata that Plaintiffs sought to compel. Woitalla Decl. Ex. 2 at 9, ECF No. 13. The ALJ denied Plaintiffs' motion to compel the metadata.

Months later, however, during the hearing before the ALJ, Defendant Woitalla allegedly admitted that her affidavit was not truthful and offered the cell phone metadata as evidence. The metadata established a timeline of events that revealed the falsity of the allegations of abuse made by the former employees. Defendant Woitalla also allegedly moved to admit copies of manipulated Facebook Messenger messages, and copies of manipulated email messages made to look like Facebook messages. The ALJ "chastised Defendants for bringing a case that lacked credibility and stated that the case was based on fraudulent evidence." FAC ¶ 41(g). The ALJ requested two more days to rehear testimony from Defendant Garmendia and a former employee. ODHS then withdrew its notice of civil penalty and reversed its abuse findings against Plaintiffs.

On July 25, 2024, Plaintiffs filed this action in Marion County Circuit Court, seeking $11,500,000 in damages resulting from ODHS' investigation and the contested case proceedings litigated by DOJ. Plaintiffs assert claims under 42 U.S.C. § 1983 premised on violations of their right to due process under the Fourteenth Amendment. Plaintiffs also assert state law claims for negligence, negligence *per se*, wrongful initiation of civil proceedings, and intentional infliction of emotional distress. Defendants removed the action to this Court on October 18, 2024. Notice of Removal, ECF No. 1.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017); Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts

alleged in the complaint and construe them in the light most favorable to the non-moving party. *Los Angeles Lakers, Inc.*, 869 F.3d at 800. To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers, Inc.*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendants move to dismiss with prejudice Plaintiffs' First Claim, under 42 U.S.C. § 1983 against Defendant Woitalla; Plaintiffs' Second Claim, Count Three, for negligence, against Defendants Woitalla and DOJ; Plaintiffs' Third Claim, for wrongful initiation of civil proceedings, against Defendants Woitalla and DOJ; and Plaintiffs' Fourth Claim, for intentional infliction of emotional distress, against Defendants Woitalla and DOJ.

Defendants argue that Defendant Woitalla's conduct while litigating the contested case was prosecutorial in nature and is therefore entitled to absolute immunity. Plaintiffs respond that

Defendant Woitalla's collection of evidence during the contested hearing was investigatory in nature and her filing of the affidavit is analogous to the testimony of a complaining witness, activities that are not entitled to absolute immunity. Plaintiffs argue in the alternative that Defendants' motion should be dismissed without prejudice.

I.     **Absolute Immunity**

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (quotation marks omitted). "In enacting section 1983, Congress did not abrogate common-law immunity that state officials traditionally enjoyed." *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984). Under common law, prosecutors are entitled to absolute immunity from suit when performing the traditional functions of an advocate. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). "It is the 'nature of the function performed, not the identity of the actor who performed it,' that determines whether an official is cloaked by absolute immunity." *Buckwalter v. Nevada Bd. of Med. Examiners*, 678 F.3d 737, 740 (9th Cir. 2012), *as amended* (June 8, 2012) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). "[O]fficials of government agencies performing certain functions analogous to those of a prosecutor" are entitled to absolute immunity. *Buckwalter*, 678 F.3d at 740, *as amended* (June 8, 2012) (quotation marks omitted). There is "no substantial difference between the function of the agency attorney in presenting evidence in an agency hearing and the function of the prosecutor who brings evidence before a court." *Butz v. Economou*, 438 U.S. 478, 516 (1978).

The determinative factor is whether the government attorney was performing an act "intimately associated with the judicial phases" of the litigation. *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976). If so, then she is entitled to absolute immunity. *Id.* For example, in

*Fry v. Melaragno*, the plaintiff's claims against an IRS attorney for misrepresentations and mischaracterizations during hearings, during discovery, and in court papers were barred by absolute immunity because the attorney was acting as an advocate litigating on behalf of the IRS when the alleged misconduct occurred. 939 F.2d 832, 837–38 (9th Cir. 1991).

Government attorneys performing "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley*, 509 U.S. at 273; *Kalina*, 522 U.S. at 126 ("investigative functions normally performed by a detective or police officer" protected by qualified, rather than absolute, immunity) (quoting *Buckley* 509 at 273). The protections of the adversarial process help ensure that the government official's role as an advocate in the judicial phase of the proceeding does not go unchecked. *Cruz v. Kauai Cnty.*, 279 F.3d 1064, 1068 (9th Cir. 2002). For example, a government official's testimony during an adversarial hearing is protected by absolute immunity but that same official's testimony as a complaining witness in an *ex parte* proceeding would only be entitled to qualified immunity. *Id.*

"The 'official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.'" *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Here, Plaintiffs seek to hold Defendant Woitalla liable for her "conduct concerning the existence of the photographic metadata that later exonerated Plaintiffs." Resp. at 9. Defendants argue that Defendant Woitalla was acting as an advocate for the government when she filed the allegedly false declaration in support of ODHS' memorandum in opposition to Plaintiffs' motion to compel the photographic metadata. Plaintiffs respond that Defendant Woitalla was acting as an investigator when determining whether she could reasonably obtain the photographic

metadata and that she was acting as a complaining witness when she filed the declaration attesting that she did not possess the metadata. Plaintiffs explain, Defendant Woitalla is not entitled to absolute immunity because she was not acting "in a manner *consistent* with the judicial process." Pls.' Mot. at 9 (emphasis added). Defendants' burden, however, is to show that Defendant Woitalla's conduct was intimately *associated* with the judicial phase of the litigation. *Flood*, 532 F.2d at 1251 (emphasis added). If absolute immunity applies, then whether Defendant Woitalla acted in manner inconsistent with the judicial process, in dereliction of her duty as an officer of the court, is unactionable in a civil suit for damages. *See Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) ("a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial").

Defendant Woitalla's conduct during the discovery dispute and during the contested case hearing before the ALJ were acts intimately associated with the judicial phase of the litigation. Unlike a prosecutor's fabrication of "evidence during the early stage of [an] investigation when police officers and assistant prosecutors [a]re performing essentially the same investigatory functions", *Id.* (quotation marks omitted), or a complaining witness' testimony during an *ex parte* proceeding, *Cruz*, 279 F.3d at 1068, Defendant Woitalla's alleged wrongdoing occurred during the pre-hearing phase of an adversarial proceeding. The claims against Defendant Woitalla and by extension DOJ are barred by absolute immunity and dismissed.[2]

Defendant Woitalla's alleged misrepresentations were later revealed before the ALJ, exonerating Plaintiffs. As intended, the protections of the adversarial process ensured that

---

[2] The Court finds, and Plaintiffs do not dispute, that (1) Defendant Woitalla's immunity, if applied, extends to DOJ and (2) the immunity analysis of Plaintiff's § 1983 claim applies to their state law claims as well.

Defendant Woitalla's role as an advocate for the government did not go unchecked. "To be sure, this immunity does leave the genuinely wronged . . . without civil redress against a [government attorney] whose malicious or dishonest action deprives" the plaintiff of a legal right. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). But the Supreme Court has held that the alternative of qualifying the government attorney's immunity while functioning as an advocate in a judicial proceeding "would disserve the broader public interest." *Id.*

## II.     Leave to Amend

Plaintiffs contend that if the Court grants Defendants' partial motion to dismiss then Plaintiffs should be granted leave to amend the FAC. When granting a motion to dismiss, dismissal should be without prejudice "unless . . . the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988).

Plaintiffs argue that they do not know when Defendant Woitalla became involved in the underlying matter and that discovery may reveal that she participated in activities prior to the initiation of the contested case proceedings in which she was not performing functions analogous to those of a prosecutor. If additional facts come to light during discovery showing that Defendant Woitalla participated in the allegedly improper investigation prior to the initiation of the contested case proceedings, the Court will grant Plaintiffs leave to amend the FAC.

## CONCLUSION

For the reasons above, Defendants' motion to dismiss (ECF No. 8) is GRANTED in part and DENIED in part. Plaintiffs' First Claim, under 42 U.S.C. § 1983 against Defendant Woitalla; Plaintiffs' Second Claim, Count Three, for negligence, against Defendants Woitalla and DOJ; Plaintiffs' Third Claim, for wrongful initiation of civil proceedings, against Defendants Woitalla

and DOJ; and Plaintiffs' Fourth Claim, for intentional infliction of emotional distress, against Defendants Woitalla and DOJ are dismissed without prejudice.

DATED this 6th day of February 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
